By the Court, Beady, J.
The relator was summoned by the sheriff to attend the court of oyer and terminer, under the provisions of the Revised Statutes, (Vol. 2, p. 300, §§ 83, 84, Edm. ed.,) by which it is declared to be the duty of the sheriff of each county in the State, within a reasonable time before the sitting of any circuit court, or court of oyer and terminer, to summon personally so many marshals or constables as he .may have been directed to summon by the court, or the presiding judge thereof, or he may in the absence of such direction deem to be necessary, to appear and attend upon the court during its sitting. And it is further provided, (§ 85,) that every marshal or constable so summoned shall attend the court, upon pain of being fined, for every day’s neglect, a sum not exceeding $5. The persons summoned are, pro hae vice, constables for the purpose for which they are called, and are so constituted by virtue of the statute and the power conferred upon the sheriff to summon them. It is enough that they are summoned and attending, ready to perform their duties as constables. (The People *497 v. Sups. of Columbia, 4 Cowen, 146; The People v. same defendants, id. note.)
The act of 1870, (Laws, chap. 382, § 9,) conferring the power of appointment upon the comptroller, of the attendants on the several courts in the city and county of Hew York, except police and district courts, does not affect the question. The attendants referred to are permanently attached to the court, to serve in such departments thereof as may be designated by the court, and are not summoned or selected as constables. But if it were otherwise, the power conferred on the sheriff by the Revised Statutes (supra) should be construed in reference to the act of 1870 (supra) so as to authorize the summoning of persons in addition to such regular attendants, when the court so orders, or the emergency, in the judgment of the sheriff, requires it.
To this extent, the order made at the Special Term is correct, and should be affirmed. But the learned justice there presiding, held that the audit and allowance by the board of supervisors were conclusive' upon the respondents, and that it was their duty to so regard them, and to audit and allow the demand at the sum so allowed by the supervisors. This was error. This court, at General Term, has recently decided otherwise. We have held that the action of the supervisors is not conclusive upon the respondents, whose duty it is to audit, under the law creating them. (The People v. Green) (a) The provision in the -order made, requiring the respondents to audit the claim of the relator for the sum determined upon or allowed by the board of supervisors cannot be sustained, for the reasons assigned, and the order must be modified so as to require the respondents to audit the relator’s claim.
The duty of the respondents, as to the amount, is rendered plain by the provisions of the statute as to the compensation to be allowed the relator, when the number *498 of days which he attended court is ascertained and settled by them. It is $2 for each day. (Laws of 1866, chap. 692, § 8; Laws of 1869, chap. 820, § 8.)
[First Department, General Term, at New York,
January 6, 1873.
Ingraham, Brady and Learned, Justices.]
Ordered accordingly.

 Ante, p. 162.